**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5011**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    versus

TERRANCE TREMAINE WYLLIE,

                Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge. (CR-05-63)

---

Submitted: July 24, 2006         Decided: August 2, 2006

---

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Kearns Davis, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Terrance Tremaine Wyllie pled guilty, pursuant to a plea agreement, to one count of distribution of cocaine base and one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B) (2000). On appeal, Wyllie claims that the district court erred by imposing a six-level increase to his base offense level pursuant to U.S. Sentencing Guidelines Manual § 3A1.2(c) (2004). After thoroughly reviewing the record, we affirm.

A district court's factual determinations regarding application of the Sentencing Guidelines are reviewed for clear error, and its legal interpretations of the Guidelines are reviewed de novo. United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). Under USSG § 3A1.2(c)(1), if "in a manner creating a substantial risk of serious bodily injury, the defendant[,] . . . knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom," the offense level is increased by six levels. We find that the district court did not err in concluding that Wyllie created a substantial risk of serious injury to a law enforcement officer when he used his vehicle to strike a police vehicle occupied by two officers in his attempt to evade apprehension. See

generally <u>United States v. Ashley</u>, 141 F.3d 63, 68-69 (2d Cir. 1998).

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>